972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfredo ROBLERO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-70249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 24, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roblero seeks review of the Bureau of Immigration Affairs' ("BIA") decision which affirmed his deportation order entered by the Immigration Judge ("IJ"). Roblero admits the charge of deportability for having entered the United States without inspection by an immigration officer. 8 U.S.C. § 1251(a)(2) (1988). Nevertheless, he appeals the decision denying him asylum pursuant to 8 U.S.C. § 1158(a), and denying the withholding of his deportation pursuant to 8 U.S.C. § 1253(h). He also contends that his due process rights were violated.
 
 
 3
 * The burden of establishing eligibility for asylum is on the applicant. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review the BIA denial of asylum decision for an abuse of discretion, id., because such decision is within the Attorney General's discretion. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). We review the "factual determination that an alien has failed to prove a well-founded fear of persecution for substantial evidence." Berroteran-Melendez, 955 F.2d at 1255.
 
 
 4
 Both the IJ and the BIA found Roblero not to be a credible witness. Both decisions cited several important discrepancies between Roblero's oral testimony and his asylum application regarding the number of his arrests. Other discrepancies surrounded whether he was tortured, beaten, and threatened; whether he was a university student activist; and whether the handwritten letter ordering his arrest was authentic. These discrepancies reasonably create doubt as to the credibility of his claim.[1] We give "much weight" to credibility determinations by IJs because they are in the best position to evaluate the witness's testimony. Estrada v. INS, 775 F.2d 1018, 1021 (9th Cir.1985). We grant substantial deference to the IJ's credibility finding if it is supported by specific, cogent reasons, and by substantial evidence in the record. Berroteran-Melendez, 955 F.2d at 1256. Accord Castillo v. INS, 951 F.2d 1117, 1120 n. 1 (9th Cir.1991).
 
 
 5
 In Berroteran-Melendez, we found substantial evidence in the record in an analogous case. Berroteran-Melendez's testimony contradicted his asylum application in a manner similar to Roblero's. We found these discrepancies to be important. Berroteran-Melendez, 955 F.2d at 1256-57.
 
 
 6
 We are persuaded that the IJ's credibility finding and the BIA's factual determination that Roblero's testimony and application contained material discrepancies and contradictions are supported by specific, cogent reasons and substantial evidence in the record. The BIA decision that Roblero failed to carry his burden of proving a well founded fear of persecution is sound. Withholding of deportation was therefore properly denied.
 
 II
 
 7
 Roblero contends that his due process rights were violated because the IJ gave his attorney only thirteen days to prepare his asylum application. Assuming that the issue is properly before us, United States v. Hamide, 914 F.2d 1147, 1152 (9th Cir.1990); Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987), we find no due process violation. Roblero's attorney recommended that a minimum of thirty days was necessary to prepare Roblero's application only because she did not think she would be preparing the application, and that Roblero and his new attorney would need extra time. The IJ wanted to speed up the process because Roblero was in custody. He granted the attorney thirteen days to file the application and stated that he would have granted an extra thirty days if Roblero had made bail and been released from jail. Thirteen days constituted more than adequate time for that task; indeed, the application was filed within that time. Furthermore, the conditional grant of an extra thirty days, rather than a violation of due process, demonstrated a humanitarian concern for Roblero's incarcerated condition. Streamlined procedures in a civil deportation proceeding do not violate due process. See Mabugat v. INS, 937 F.2d 426, 430 (citing INS v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984)). We find no due process violation here.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The advisory opinion issued by the State Department's Bureau of Human Rights and Humanitarian Affairs while otherwise relevant has no impact on our review of this case since it assumed that the facts alleged by the petitioner were true. Of course, that is the main issue presented here